Filed 3/7/14  P. v. Thomas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS WILLIAM THOMAS,<br><br>    Defendant and Appellant. | D064220<br><br><br><br>(Super. Ct. No. JCF28766) |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Law Offices of David R. Greifinger and David R. Greifinger, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Travis William Thomas's appointed appellate counsel has filed a brief asking this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  We affirm the judgment.

INTRODUCTION

At a change-of-plea hearing in May 2012, Thomas—after consulting with his defense counsel and initialing and signing a "Plea of Guilty/No Contest—Felony" form—waived his constitutional rights and pleaded no contest to one felony count of receiving stolen property in violation of Penal Code section 496, subdivision (a). In exchange for this plea, the parties stipulated that Thomas would receive a suspended prison term of three years. Thomas entered a *Cruz*[1] waiver, and counsel stipulated to his release to the Turning Point program, if he qualified, pending sentencing.

Without court permission, Thomas walked out of the Turning Point home on June 1, 2012. A few days later, the Imperial County Probation Department gave Thomas the option of entering New Creations Men's Home. However, as of June 12, 2012, Thomas had not returned to the Turning Point home, he had not entered New Creations, and the probation department did not know his whereabouts. The court issued a no-bail warrant for Thomas's arrest.

During a hearing in early July 2012, Thomas brought a *Marsden*[2] motion requesting that his appointed counsel be relieved and that he be appointed new counsel. Thomas also stated he wished to withdraw his no-contest plea. One week later, following a hearing, the court denied Thomas's *Marsden* motion. (CT 29; 6A RT [red envelope] 103:28-104:1)

---

[1]    *People v. Cruz* (1988) 44 Cal.3d 1247.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

At the August 2012 probation and sentencing hearing, defense counsel informed the court he had found no legal or factual basis to support Thomas's request to withdraw his no-contest plea.  The court denied Thomas's motion under Code of Civil Procedure section 170.6 to disqualify the judge, finding the motion was untimely.  The court then sentenced Thomas to the upper term of three years in state prison, suspended execution of the sentence, and placed him on three years' probation.  The terms of probation included 365 days in county jail, with 156 days' presentence credit (78 days actual credit and 78 days behavioral credit), various fines and fees, a $10 fine under Penal Code section 1202.5, and a number of other standard conditions.

The court thereafter amended its minute order nunc pro tunc to vacate the $10 fine it had imposed under Penal Code section 1202.5.

In September 2012 the court modified Thomas's probation terms by sentencing him to one year in the Open Arms residential program in lieu of jail.  However, Thomas's stay at Open Arms did not work out, and the court allowed him to serve the remainder of his program time in county jail with 340 days of credit (170 actual and 170 good-time days of credit).

*Revocation of Thomas's Probation*

In mid-April 2013 the probation department filed a motion to revoke Thomas's probation.  The motion alleged Thomas had failed to attend a mandatory drug and alcohol class on March 4, 2013; had failed to provide proof of attendance at a Narcotics Anonymous meeting on September 13, 2012; had tested positive for various controlled

3

substances from samples taken in 2013 on January 2, January 14, February 4, and February 21 and had failed to notify his probation officer of a change of address.

On June 6, 2013, following an evidentiary hearing (discussed, *post*), the court granted the motion, finding Thomas had violated probation by failing to attend Narcotics Anonymous meetings and failing to complete other counseling as directed, by testing positive for drug use, and by failing to provide a change of address to his probation officer. Later that month, the court ordered that probation remain revoked, and that Thomas serve the previously suspended term of three years in the county jail with 529 days of presentence credit (265 days actual credit and 264 days behavioral credit). Thomas's appeal followed.

## FACTUAL BACKGROUND

A. *Underlying Offense*[3]

On April 28, 2012, El Centro Police Officer Thompson responded to a call about a theft of a television set from a room at a Motel 6 in El Centro, California. After receiving a description of the suspect from the reporting party, another police officer contacted Thomas, the suspect, in a Chevron parking lot. During his investigation, the officer radioed that he had found a remote control and power supply to an LG television. The officer arrested Thomas.

Officer Thompson spoke to a motel clerk, who told him Thomas had rented a room the previous day. Another motel employee had seen two males leaving carrying a

---

[3]    As Thomas pleaded no contest, the facts of the underlying offense are derived from the probation officer's report.

large television and that another male later left with a female. The employee discovered that the television was missing.

At the police station, after he was advised of his *Miranda*[4] rights, Thomas stated that José Mirola had stolen the television while he was sleeping. Thomas added that Mirola began throwing things in bags and that this was how he ended up with the remote control and cable. Thomas stated that he wanted to cooperate in finding the television. He contacted his girlfriend, who told him she did not know the location of Mirola or the television. He then called a friend and demanded to know where the television was, but was unable to get any additional information.

B. *Probation Violation*

1. *The People's Case*

At the probation revocation hearing, Thomas's probation officer—Julio Coronel—testified that he directed Thomas on September 13, 2012, to attend Narcotics Anonymous meetings and provide proof of attendance to fulfill a probation condition. Thomas failed to provide proof of attendance.

On February 21, 2013, Coronel directed Thomas to attend drug and alcohol classes. Thomas failed to attend any of the classes.

On March 21, 2013, Coronel visited Thomas's last known residence in Holtville to conduct a probation-compliance check. A female was present, but Thomas was not there. Coronel searched the residence. (12RT 250:9-11)!

---

4      *Miranda v. Arizona* (1966) 384 U.S. 436.

That same day, Thomas left a message on Coronel's answering machine stating that somebody had told him law enforcement was looking for him, and he wanted to know why. Thomas did not tell Coronel where he was living, and did not say he was still living at the residence in Holtville. Coronel testified he had not heard from Thomas since that date. Coronel stated he tried to call Thomas back, but got no answer. Coronel did not make any more home visits because the female told him Thomas had been kicked out.

Coronel testified he obtained saliva samples from Thomas on January 2, January 14, February 4, and February 21, 2013. Coronel placed the samples in test kits and forwarded them to a lab on the east coast. Over a defense hearsay objection, Coronel testified the samples tested positive for various controlled substances. In overruling the hearsay objection, the court found the evidence was "the kind of hearsay contemplated by cases like [*People v. Maki* (1985) 39 Cal.3d 707]."

2. *The Defense*

Thomas testified that he had attended three Narcotics Anonymous meetings in February 2013, that he received proof of attendance, and that Coronel never asked to see the proof. He did not attend the class as directed on March 4, 2013, because he had no transportation and was working. He called Coronel and left a message explaining why he missed the class. Thomas testified he planned to go to the next class, but again he could not because of lack of transportation.

Thomas testified he had lived at the Holtville residence for a month and a half starting in January 2013. Without informing Coronel, Thomas left the residence because the owner used drugs, causing problems for Thomas due to his drug addiction. Thomas

6

was then homeless, living in a hotel when he had money from work and staying with a friend or wherever he could when he did not have money.

## DISCUSSION

Pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed appellate counsel refers to the following as possible, but not arguable, issues: (1) "Was the court's finding that [Thomas] violated probation supported by sufficient evidence?"; and (2) "Did the court err in admitting Coronel's hearsay testimony about the positive drug test results from the lab on the east coast?"

On November 18, 2013, we granted Thomas permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues raised by appellate counsel has disclosed no reasonably arguable appellate issue. The record shows Thomas was properly advised of his rights before he entered his no-contest plea, he knowingly and voluntarily entered his plea, there is a factual basis for his plea, and his plea is constitutionally valid. The record also shows the court's finding that Thomas violated the terms of his probation is supported by substantial evidence. Specifically, Coronel's testimony (discussed, *ante*) supports the court's finding that Thomas violated the conditions of his probation by failing to attend Narcotics Anonymous meetings and complete other counseling as directed, and by failing to inform the probation officer about a change of address.

7

As noted, counsel has raised as a possible, but not arguable, issue whether the court erred in admitting Coronel's "hearsay testimony about the positive drug test results from a lab on the east coast." "'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) The confrontation clause of the Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington* (2004) 541 U.S. 36, 68, the United States Supreme Court held that testimonial hearsay evidence is admissible in a criminal prosecution only when the proponent establishes unavailability of the declarant and a prior opportunity for cross-examination of the declarant.

However, it is well-established that "probation revocation is not part of a criminal prosecution, and thus 'the full panoply of rights due a defendant in [a criminal] proceeding does not apply . . . .'" (*People v. Shepherd* (2007) 151 Cal.App.4th 1193, 1198, quoting *Morrissey v. Brewer* (1972) 408 U.S. 471, 480.) Thus, "[a] probationer's right of confrontation . . . is not absolute, and where '"appropriate,"' witnesses may give evidence by '"affidavits, deposition, and documentary evidence. . . ."'" (*Shepherd,* at pp. 1193, 1198, quoting *People v. Winson* (1981) 29 Cal.3d 711, 716.)

Here, we need not resolve whether admission of Coronel's testimony about the drug test results violated Thomas's Sixth Amendment rights because, even assuming without deciding there was error, we conclude any such error was harmless beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S. 18, 24.) As already

8

discussed, the court's finding that Thomas violated the conditions of his probation was supported by substantial evidence apart from Coronel's testimony concerning the drug test results.

Thomas has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

9